ALONSO HERMANOS ET AL., Plaintiffs and Appellees, *v.* JOSÉ MATOS, Defendant and Appellant.

No. 5793. Argued June 2, 1934.—Decided June 8, 1934.

*H. Torres Solá* for appellant.  *Celestino Iriarte* for appellees.

ON MOTION FOR REHEARING

MR. JUSTICE WOLF delivered the opinion of the court.

In writing our original opinion we never lost from view the fact that the firm of Alonso Hermanos was maintaining that a sale of animals that were affected by a contagious disease was entirely null, void, and inexistent.

In part the theory of the opinion, taking the whole history of contracts for the sale of animals, was that section 1397 of the Civil Code ought to be understood as giving a right to annul rather than making the contract absolutely void. This was the rule from time immemorial in Spain, and the intention of the Legislature to change it should appear clearly. As we pointed out in our opinion, the situation of the vendor should be considered as well as the situation of the purchaser, and such an interpretation should be put upon the law that would respect the rights of both parties. We also arrived at the conclusion that the somewhat inconsistent statements of the commentators did not affect our right to determine for ourselves the interpretation to be given to a section of the code which was intercalated in a chapter relating to warranty for hidden defects in animals.

Assuming, however, with the proponents of the motion for reconsideration, that the sale of the animals shown to be affected with a contagious disease was entirely inexistent, nevertheless, we think that the terms of section 1399 of the Civil Code should prevail. From time immemorial the action accruing to the purchaser of animals affected with a contagious disease was a redhibitory one. The fact, therefore, that the code perhaps made such a sale inexistent did not affect the total theory of the chapter. The essential idea of our code and of other codes was that a purchaser who had a right to annul a sale of diseased animals should begin his action within a certain limited time, in this case 40 days. It makes no difference, from our standpoint, whether the action should be styled one of nullity, or of rescision, or of inexist-

ence, or any other action arising in practice. As we pointed out, the time for filing a redhibitory action used to be at least six months, but the Legislature of Spain, if its theory was that the sale was entirely null and void, was seeking to give the vendor some protection, and that was the possible reason why the term of 40 days was fixed. It could never have been the intention of the Spanish Legislature that a sale in good faith of diseased animals should be annullable for all time or even for the four year period which ordinarily applies to actions for nullity.

The proponents of the motion now draw our attention to the provisions of the law making a vendor of diseased animals subject to a criminal prosecution. The answer to this suggestion is that the law only covers the sale of animals knowing them to be contaminated with a contagious disease. The Puerto Rican Legislature thought that such an act was criminal and so declared, but the fact that it is declared to be criminal does not necessarily affect the rights between parties, especially where there is no bad faith. The idea of the Spanish Legislature, and it is our own, was *Interest reipublicae ut sit finis litium.*

The motion will be denied.